UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

RICHIE A. STOKES, JR.,

                        Plaintiff,

        v.

WAYNE COUNTY, et al.,

                     Defendants.

───────────────────────────────────────────

<u>DECISION & ORDER</u>

21-CV-6657EAW

On October 26, 2021, *pro se* plaintiff Richie Stokes ("Stokes") filed this action against Wayne County, the Wayne County Sheriff's Office, Wayne County Deputy Sheriffs Thomas D'Amato and Schribner, the Wayne County District Attorney's Office, and various John Doe defendants employed by Wayne County, alleging claims, among others, of false arrest, excessive use of force, malicious prosecution, deprivation of due process, as well as a *Monell* claim against Wayne County. (Docket # 1). Following defendants' filing of their Answer, Stokes retained counsel, who entered a notice of appearance on February 1, 2022. (Docket # 9). That same day, this Court held a Rule 16 scheduling conference and issued a scheduling order. (Docket ## 10, 12). Three days later, the district court granted counsel's oral emergency motion to withdraw (Docket # 13), and Stokes has been representing himself since that time.

Pending before the Court are two motions filed by Stokes: one for an order compelling defendants to respond to outstanding discovery demands and imposing sanctions for

their failure to respond (Docket # 23)[1] and one for an order appointing counsel to represent

Stokes (Docket # 27).  For the reasons discussed below, Stokes's motions are denied.

I.    <u>Stokes's Motion to Compel and for Sanctions (Docket # 23)</u>

The factual record before the Court relating to the discovery motion demonstrates

that Stokes filed it prematurely.  On July 26, 2022, this Court held a status conference with

Stokes and defendants' counsel, Taylor Baker, Esq.  (Docket # 21).  At the conference, Stokes

indicated that defendants had not responded to outstanding follow-up discovery requests from

him.  Baker, who was handling the conference for co-counsel Patrick Naylon, Esq., responded

that she would confer with Stokes and attempt to resolve the issues.  This Court extended the fact

discovery completion deadline by two weeks, until August 15, 2022, and the filing deadline for

motions to compel until September 15, 2022.  (Docket # 20).  By letter dated August 10, 2022,

Baker noted that "[p]laintiff recently sent discovery demands, dated August 9, 2022" and

requested on behalf of all parties a sixty-day extension of the discovery deadlines until October

14, 2022.  (Docket # 22).  Stokes's discovery requests, entitled "Plaintiff's First Consolidated Set

of Interrogatories and Requests for Production of Documents to Defendants City of Wayne

County, Deputy Thomas D'Amato, Deputy Schribner," were filed the next day and reflect they

were served on August 9, 2022.  (Docket # 24).

Despite serving the requests on August 9, Stokes filed the pending motion to

compel responses the next day.  (Docket # 23).  The filing seeks to demonstrate the relevance of

the August 9 requests (*id.* at 1-5) and seeks to compel defendants to identify a Rule 30(b)(6)

---

[1] Stokes's motion also sought an extension of the deadlines in this Court's scheduling order – a request that the parties had made jointly by letter filed the same day as Stokes's motion.  (Docket ## 22, 23).  The Court granted the requested extension; that aspect of Stokes's motion is thus no longer before the Court.  (Docket # 26).

witness for deposition (*id.* at 5). The motion is unaccompanied by the certification required by Rule 37(a)(1) of the Federal Rules of Civil Procedure that the parties conferred in good faith to attempt to resolve the disputes before the motion was filed. (Docket # 23). Indeed, it is hard to imagine how a conferral could have occurred since the motion was filed the day after the requests were served.

Defendants' response to Stokes's motion represents that: (1) counsel advised Stokes in an email sent on August 10 that plaintiff had not served any specific discovery demands to defendants; (2) Stokes responded by email that day enclosing the written discovery demand dated August 9 and the motion to compel; (3) Stokes called counsel later that day and counsel "explained to him further that aside from the e-mailed demands he sent minutes earlier, he did not serve any specific demands to [d]efendants and therefore no responses were owed"; and, (4) Stokes appeared to understand that the motion was premature. (Docket # 25 at 1). As counsel evidently attempted to explain to Stokes, a party may not move for a court order compelling responses to discovery requests before the deadline for responding has expired. *See Davis v. Rinaldi*, 2020 WL 7714415, *1 (D. Conn. 2020) (denying motion to compel as premature; "when [p]laintiff filed his motion to compel . . . , the motion was premature in that it was filed less than thirty (30) days after [d]efendants' counsel received the production request"); *Rivera v. Patnode*, 2012 WL 1029664, *1 n.2 (N.D.N.Y.) ("[p]laintiff's motion to compel was premature because it was filed before the responses to his interrogatories were due"), *report and recommendation adopted by*, 2012 WL 1029661 (N.D.N.Y. 2012). Here, defendants had thirty days after service to respond, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and Stokes's motion filed well before the deadline must be denied as premature.[2]

---

[2] It is unclear from the motion the extent to which, if at all, Stokes seeks to challenge the adequacy of defendants' mandatory disclosures identifying persons with discoverable information about their defenses under

On this record, the Court denies Stokes's application for sanctions.  Any sanctions would certainly be inappropriate where the record does not establish that at the time the motion was filed defendants had defaulted on their discovery obligations.  Accordingly, Stokes's motion for an order to compel and for sanctions (Docket # 23) is denied.

At the end of November, Stokes sent a letter to the Court complaining about defendants' new counsel's apparent refusal or delay in discussing outstanding discovery issues.  (Docket # 30).  As this Court advised both parties by letter dated November 7, 2022, the pendency of Stokes's motion for appointment of counsel does not stay the litigation or excuse the parties from compliance with their litigation responsibilities and court-ordered deadlines.  **Thus, counsel is directed to promptly confer with Stokes about any outstanding discovery disputes or issues and attempt to resolve them.  Following that conferral, counsel should submit to this Court by no later than February 21, 2023, a proposed amended scheduling order acceptable to both sides.**

## II.    Stokes's Motion for Appointment of Counsel (Docket # 27)

On September 8, 2022, Stokes filed the pending motion for appointment of counsel.  (Docket # 27).  He asserts that he does not have the financial resources to retain counsel, his complaint "has merit," and "the officers need to be held liable."  (*Id.* at 1).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22,

---

Fed. R. Civ. P. 26(a)(1)(A)(ii).  (*See* Docket # 23 at 7-8).  His motion does not attach or include copies of defendants' disclosures so the Court is unable to assess them.  To the extent Stokes seeks to challenge them, he must confer with opposing counsel about the perceived inadequacies before filing another motion and must include a copy of or reproduce the challenged disclosures.

23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Stokes has not done so at this stage. Moreover, Stokes has drafted a complaint, discovery requests, and two motions seeking relief from the Court (Docket ## 1, 23, 24, 27), which demonstrate his ability to prosecute his claims and to seek court intervention when he believes it is warranted. Finally, Stokes's case does not present any other special reasons justifying the assignment of counsel.

On this record, Stokes's motion for the appointment of counsel (Docket # 27) is denied without prejudice at this time. It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

For the reasons discussed above, Stokes's motion to compel and for sanctions **(Docket # 23)** is **DENIED**, and his motion for appointment of counsel **(Docket # 27)** is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
February 6, 2023

6