UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHIE A. STOKES, JR.,

                           Plaintiff,

        v.

WAYNE COUNTY, et al.,

                       Defendants.

_____

<u>DECISION & ORDER</u>

21-CV-6657EAW

On October 26, 2021, *pro se* plaintiff Richie Stokes filed this action against Wayne County, the Wayne County Sheriff's Office, Wayne County Deputy Sheriffs Thomas D'Amato and Schribner,[1] the Wayne County District Attorney's Office, and various John Doe defendants employed by Wayne County, alleging claims, among others, of false arrest, excessive use of force, malicious prosecution, deprivation of due process, as well as a *Monell* claim against Wayne County.  (Docket # 1).  Currently pending before this Court are four motions: (1) defendants' motion for an extension of time to complete discovery (Docket # 32);[2] (2) plaintiff's motion for sanctions, an order compelling discovery, and modification of the scheduling order (Docket # 34);[3] (3) defendants' motion for a protective order, an order compelling discovery, and an extension of time to complete discovery (Docket # 36); and

---

[1]  Both sides have inconsistently spelled defendant's name, but documents attached to the pending motions suggest that the correct spelling of defendant's name is Scribner.  (*See*, *e.g.*, Docket # 34-3 at 76, 78).  That spelling will be used throughout this decision.

[2]  In addition to a proposed amended scheduling order (Docket # 32-1), defendants' filing also includes a proposed protective order (Docket # 32-2).

[3]  Plaintiff's requested amendments to the scheduling order differ from those included in the proposed scheduling order that defendants filed.  (*Compare* Docket # 32-1 *with* Docket # 34 at 26-27).

(4) plaintiff's motion for miscellaneous relief, including leave to amend his complaint and appointment of counsel (Docket # 45).  For the reasons discussed below, the parties' motions for an extension of the scheduling order are granted.  Plaintiff's motion for sanctions is denied; his motion for an order to compel is denied in part and granted in part.  Defendants' motion for a protective order is granted; defendants' motion for an order compelling discovery is granted in part and denied in part.  Plaintiff's motion for leave to amend his complaint and appointment of counsel is denied without prejudice.

I.      **Plaintiff's Motion to Compel[4] and Defendants' Motion for a Protective Order**

Plaintiff's motion seeks an order compelling defendants to provide proper Rule 26(a) disclosures, identify a Rule 30(b)(6) witness, and supplement their responses to plaintiff's August 9, 2022 First Consolidated Set of Interrogatories and Requests for Production of Documents ("August 9 Demands") (Docket # 24).  (Docket # 34).  In response to one of the document demands at issue, defendants indicate their willingness to provide responsive documents but move for a protective order limiting plaintiff's use of the withheld documents to the current litigation.  (*See* Docket # 36-5 at 5-6).

As a prerequisite to a motion to compel, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that the requesting party first confer in good faith with the responding party and include with his motion a certification attesting that the parties have conferred.  Fed. R. Civ. P. 37(a)(1).  This Court's Local Rules also require parties seeking judicial intervention to resolve a discovery dispute to include an affidavit "showing that sincere attempts to resolve the

---

[4]  Plaintiff requests that the Court hear his motion and require defendants to provide the requested discovery on an expedited basis before depositions are conducted.  (*See* Docket # 34 at 7, 15).  Because it is unclear if depositions are scheduled to occur, much less when, the Court will set a deadline by which defendants must supplement their discovery responses, and the parties may agree to adjust their deposition schedule if warranted.

discovery dispute have been made."  Loc. R. Civ. P. 7(d)(3).  The Local Rules further provide that "[n]o motion for discovery and/or production of documents . . . shall be heard unless accompanied" by such an affidavit.  *Id.*  "The purpose of the meet and confer requirement is to resolve discovery matters without the court's intervention to the greatest extent possible." *Excess Ins. Co. v. Rochdale Ins. Co.*, 2007 WL 2900217, *1 (S.D.N.Y. 2007).  "Only those matters that remain unresolved after serious attempts to reach agreement should be the subject of a motion to compel."  *Id.*

Plaintiff's current motion resembles his August 10, 2022 motion (Docket # 23), which was filed the day after plaintiff served his August 9 Demands and denied as premature on February 6, 2023 (Docket # 31).  While the prior motion was pending, defendants provided responses to plaintiff's discovery requests (*see* Docket # 36-3), the adequacy of which plaintiff challenged in a letter sent to defendants on January 13, 2023 (*see* Docket # 34-1 at 7-17) and is largely the subject of the pending motion.  In an apparent attempt to comply with this Court's February 6, 2023 Decision and Order directing counsel to promptly confer with plaintiff about any outstanding discovery disputes and attempt to resolve them (Docket # 31 at 4), the parties engaged in discovery-related conversations, which included the exchange of a proposed protective order.  Plaintiff then filed the present motion.  From plaintiff's perspective, counsel represented that he would, but did not, make supplemental disclosures within one week of February 8, 2023, and then served discovery demands seeking from plaintiff that which plaintiff seeks from defendants.  (Docket # 34 at 8, 9).  From defendants' perspective, "the parties had multiple communications attempting to resolve the current discovery dispute" but "plaintiff abruptly broke off discussions . . . by filing the current motion."  (Docket # 36-1 at ¶ 4).

Following the filing of the motion, the parties continued to exchange discovery and deficiency letters,[5] which suggests that the parties did not exhaust their efforts to resolve the current discovery disputes prior to seeking judicial intervention.  The parties are reminded that prior to filing any discovery-related motions, they must engage in a genuine, good-faith conferral such that judicial intervention is their "last resort."  *See Black v. Buffalo Meat Serv., Inc.*, 2016 WL 4363506, *5 (W.D.N.Y. 2016).  Nonetheless, because the record reflects that the parties made various attempts to confer, the Court will address the merits of their motions.

### A.    Mandatory Rule 26(a) Disclosures and Designation of a Rule 30(b)(6) Witness

Plaintiff's motion seeks an order compelling defendants to provide, *inter alia*, proper Rule 26(a) disclosures and designate a Rule 30(b)(6) witness.  (*See* Docket # 34 at 1, 7).  Defendants represent that they provided initial Rule 26(a)(1) disclosures on February 17, 2022 – which they supplemented on May 25, 2022 – that included witness identification, insurance information, the Wayne County Sherriff's Office arrest file relating to the underlying criminal incident, and a flash drive containing all body-worn camera footage pertaining to plaintiff's arrest.  (Docket # 36-1 at ¶¶ 11-12).[6]  Plaintiff concedes that he received these items, but he denies that the Rule 26 disclosures were complete or properly supplemented.  (*See* Docket # 41 at ¶¶ 4-5).  Plaintiff attached defendants' disclosures and the May 25, 2022 letter in his reply

---

[5] On March 24, 2023, defendants provided supplemental responses to plaintiff's discovery demands (*see* Docket # 36-4) and filed a combined opposition to plaintiff's motion to compel and cross-motion seeking, in part, the issuance of the proposed protective order (Docket # 36).  By letter dated April 4, 2023, plaintiff challenged the sufficiency of the supplemental responses.  (Docket # 41 at 43-59).

[6] Plaintiff and defendants have either suggested or argued that the opposing party's motion to compel should be denied due to that party's failure to comply with discovery obligations.  (*See* Docket ## 36-5 at 7; 41 at ¶ 1).  "A party is not excused from making its disclosures because . . . it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."  Fed. R. Civ. P. 26(a)(1)(E); *see also Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 235 (W.D.N.Y. 1998) ("[d]efendants' failure to respond to [p]laintiff's [r]equests does not, however, excuse [p]laintiff from complying with [d]efendants' discovery requests[;] [p]laintiff's withholding of production of the requested information and documents contingent upon the production of discovery by the opposing party in this case was clearly improper").

papers.  The letter does not refer to Rule 26, but even if the Court were to consider the May 25,

2022 document production as supplemental initial disclosures, defendants still have only

identified the officer defendants as witnesses, provided documents relating to the underlying

arrest and court record, and noted that defendants are insured under a policy with New York

Municipal Insurance Reciprocal.  (*Id.* at 65-68).

   To the extent defendants suggest that their disclosures are proper because plaintiff

can identify witnesses from the hundreds of documents they produced in response to plaintiff's

document demands (Docket # 48-1 at ¶ 6), I reject that assertion.  *See Taylor v. N.Y.S. Office of*

*People with Developmental Disabilities*, 2016 WL 2858856, *6 (N.D.N.Y. 2016) ("[a party is]

not required to cull the document production and assume that [the producing party] would call at

trial any number of the individuals mentioned therein").  Defendants should review Rule 26 and

timely supplement their disclosures as necessary.  To the extent individuals "likely to have

discoverable information" and documents that "may [be] use[d] to support [defendants']

defenses" are not identified or provided as part of their disclosures, defendants may be precluded

from calling those individuals to testify or introducing such documents as evidence at trial.  *See*

Fed. R. Civ. P. 37(c)(1).

   In response to plaintiff's request for an order compelling defendants to designate a

Rule 30(b)(6) witness, defendants note that plaintiff has failed to serve a Rule 30(b)(6) notice.

(Docket # 36-1 at ¶ 33).  In reply, plaintiff states that he cannot serve a proper Rule 30(b)(6)

notice until defendants provide proper Rule 26 disclosures identifying all potential witnesses.

(Docket # 41 at ¶ 35).  Because defendants have no duty to designate where no notice has been

served, the Court denies plaintiff's motion.  *See Gesualdi v. Rockwala Inc.*, 2019 WL 4306349,

*1 (E.D.N.Y. 2019) ("an organization must be noticed, and the organization then must identify

an individual for the deposition").  In addition, plaintiff is reminded that an "individual cannot be noticed for a 30(b)(6) deposition; . . . [i]f [plaintiff] wishe[s] to depose [an individual], [he] should . . . notice[] a deposition pursuant to Rule 30(b)(1)."  *Id.*

### B.    Plaintiff's August 9 Demands

#### 1.    Interrogatories

Plaintiff initially challenged defendants' responses to his interrogatories because they were jointly answered, unverified, and refer to other document productions.  (Docket ## 34 at 8; 41 at ¶¶ 36-40; *see also* Docket # 36-3 at 3-5).  Plaintiff has since informed the Court that he received verified interrogatory responses on May 10, 2023 (Docket # 49 at 2), but because they are not before the Court, it is unclear whether the supplemental responses remedied the other errors.  To the extent that the verified responses are still jointly answered or refer to other document productions, defendants are instructed, by July 14, 2023, to provide supplemental responses to plaintiff's Interrogatories No. 1-3, in accordance with Rule 33(b).[7]  *See also Matalavage v. Sheriff of Niagara Cnty.*, 2023 WL 2043865, *8 (W.D.N.Y. 2023) ("[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath[;] . . . [w]ithin the Second Circuit, courts have interpreted Rule 33(b) as not permitting the type of 'cross-referencing' to which [p]laintiff objects[;] . . . [i]n particular, [a]n answer to an interrogatory must be completed within itself and, it should be in a form that may be used at trial") (quotations omitted).

---

[7]  To the extent plaintiff objected to defendants' responses because they were not verified by an agent of the Wayne County Sheriff's Department (*see* Docket # 41 at 44), the Court notes that plaintiff's Interrogatories No. 1-3 were directed specifically to defendants D'Amato and/or Scribner.  (Docket # 24 at 8-9).  Therefore, only D'Amato and Scribner needed to verify the responses.  *See* Fed. R. Civ. P. 33(b)(1) ("[t]he interrogatories must be answered . . . by the party to whom they are directed[] or . . . *if* that party is a . . . governmental agency, by any officer or agent") (emphasis added).

6

Defendants note that Interrogatory No. 4 is directed to identified persons who have no apparent involvement in the claims at issue in this litigation. (*See* Docket # 36-1 at ¶ 36 (presuming that plaintiff cut and pasted Interrogatory No. 4 from another civil rights lawsuit)). Plaintiff revised Interrogatory No. 4 in his April 4, 2023 conferral letter. (*See* Docket # 41 at 47). To the extent they have not already done so, defendants are instructed to respond to the revised interrogatory by July 14, 2023, either by answering the interrogatory or demanding that plaintiff serve a formal interrogatory.

## 2.    **Document Demands**

Plaintiff seeks an order compelling defendants to provide supplemental responses to plaintiff's document demands. Plaintiff's supporting arguments, however, are unrelated to defendants' responses; specifically, he contests objections that were not raised and ignores those that were.[8] For example, plaintiff mainly seeks to demonstrate the relevance of his August 9 Demands (*see* Docket # 34), even where defendants did not raise relevancy objections. Similarly, although defendants withdrew all prior privilege objections (*see* Docket # 36-4 at 4, 8-10), plaintiff maintains that defendants improperly failed to provide a privilege log (*see* Docket # 41 at 39).

Defendants objected to requests that they assert refer to entities or files that do not exist. (*See* Docket ## 36-3 at 14; 36-4 at 3, 4, 6, 7 (denying awareness of a Wayne County or Wayne County Sheriff's Office "Civilian Review Board," "Professional Standards Section,"

---

[8] Whether construed as an opposition to defendants' motion or a reply in further support of his own motion, plaintiff's filing at Docket # 41 exceeds the page limits prescribed by Rule 7(a)(2)(C) of the Western District of New York's Local Rules of Civil Procedure. Plaintiff is cautioned that the Court may strike future motion papers that fail to comply with the Local Rules. Additionally, plaintiff's papers attempt to make substantive arguments about the merits of his claims by referring in detail to other instances of alleged officer misconduct. (*See* Docket # 41 at 14-39). Plaintiff also requests that the Court review a video recording that is apparently available on social media to determine whether an officer's actions were within the scope of his duties. (*See id.* at 33). Plaintiff's arguments are either premature or improper to the extent they seek judicial review of materials outside the record.

"Professional Standards Section file," "Professional Development Section file," and "Research & Evaluation Section")). Plaintiff responded that he would not need to "gues[s] what it is he is seeking" if "defendants [had] provide[d] the Wayne County Sheriff['s] policy and procedures" (Docket # 41 at 40), but the Court cannot rewrite plaintiff's requests for him.[9] Likewise, defendants cannot produce files or documents from entities that do not exist. As to other demands, plaintiff has failed to provide any basis to believe that defendants are withholding or have misrepresented that they are unaware of any responsive documents. Therefore, on this record, the Court denies the request for an order compelling defendants to provide supplemental responses to Requests No. 8,[10] 10, 12, 14, 15, 16, 17, 18, 19,[11] 20, 21.

---

[9] Plaintiff drafted follow-up or revised demands in his April 4, 2023 conferral letter. (*See, e.g.*, Docket # 41 at 50-53, 57). As to those new requests, defendants are instructed, by July 14, 2023, to respond to the revised requests by either answering the interrogatories or requiring plaintiff to serve formal interrogatories. To the extent plaintiff moves the Court for an order requiring defendants to provide additional documents that were not previously requested or are not before the Court in the present motion (*see, e.g.*, Docket ## 34 at 23; 41 at 32; 45 at 10; 46 at 2, 4, 5), such requests are denied. To the extent plaintiff broadly requests that the Court grant the demands contained in plaintiff's April 4, 2023 conferral letter (*see, e.g.*, Docket # 41 at 40), that request is also denied. Plaintiff is also reminded that he must confer with defendants about any documents allegedly missing from their production or any contested redactions before seeking judicial intervention.

[10] Request No. 8 seeks all documents concerning use of force and unusual incidents involving one or more of the named defendant officers. (*See* Docket # 24 at 11). Defendants objected, *inter alia*, on the grounds that the term "unusual incidents" is vague and inherently subjective. (Docket # 36-4 at 3). The Court sustains defendants' objection insofar as defendants do not use "unusual incident" reports; if they do, they must be produced by July 14, 2023. If they do not, plaintiff should confer with defendants and clarify the additional documents he seeks.

[11] Request No. 19 seeks the "complete Professional Standards Section file for every WAYNE COUNTY Substantiated Force Incident. In responding to this request, you may limit your responses to WAYNE COUNTY Substantiated Force Incidents from January 1, 2002 to present." (Docket # 24 at 13). Defendants objected to the request, *inter alia*, on the grounds that they are unaware of a "Professional Standards Section file" but nonetheless provided all Suspect Resistance Reports identifying the named defendant officers. (Docket # 36-4 at 7-8). Plaintiff maintains that "[i]t is clear[] that the defendants know what plaintiff is demanding being that [they] produced [all] Suspect Resistance Reports identifying the officer [d]efendants." (Docket # 41 at 14). He further states that "every Wayne County Substantiated Force Incident Report from January 1, 2002 to present [is] clearly relevant" and that he is specifically looking for complaints regarding Deputies Devin Hall and Zacherey Powell. (*Id.* at 14-15). I find that the request – to the extent it seeks all subject resistance reports since 2002 – is temporally overbroad; for *Monell* purposes, a more circumscribed period of five years before the events from which these claims arise would appear more appropriate. To the extent plaintiff seeks complaints involving Deputies Hall and Powell, or other particular documents, he should confer with counsel about that request.

8

With regard to other demands, however, supplemental responses are required. Request No. 7 seeks all documents issued or distributed by Wayne County since 2010 setting forth the policies and procedures relating to use of force and the reporting of any use of force, including materials provided at the police academy and during "on the job training." (Docket # 24 at 11). Defendants objected to the request as overbroad and burdensome because of its temporal scope. They also represented that they do not possess materials distributed by the New York State Police Academy and that, although they "may have received in service training," they "do not possess written materials from those in service trainings." (Docket # 36-3 at 8). Defendants did provide copies of a general use of force order and the Wayne County Office of the Sheriff Mission Statement. (*See id.*). With respect to this request, defendants must clarify whether they have withheld documents based on overbreadth and undue burden. They must also clarify whether defendants D'Amato and Scribner previously possessed written materials from the New York State Police Academy or any "in service training." All defendants must conduct a diligent search and, if they have responsive documents, either produce them or make clear the basis or bases upon which they are being withheld; if they have none, they should confirm that fact.

In response to Requests No. 22 and 23, defendants are instructed to clarify whether they are withholding any documents on the basis of relevancy and "privacy" or whether they are withdrawing those objections. (*Compare* Docket # 36-3 at 14-15 *with* Docket # 36-4 at 8-9). In response to Request No. 24, defendants are instructed to clarify whether Wayne County has a system to monitor officers involved in use of force incidents and, if so, produce any documents describing that system. Also, the Court notes that defendants did not formally supplement their response to Request No. 26 (*see* Docket # 36-4), but it is apparent that

defendants provided additional documents that are responsive to this request in response to other demands (*see*, *e.g.*, Docket # 36-4 at 3). Therefore, defendants are instructed, by July 14, 2023, to formally provide a supplemental response to Request No. 26.

Request No. 25 seeks all policy and training materials from 2002 to the present regarding the legal requirements for arrests of individuals charged with various violations or crimes. (Docket # 24 at 14). Defendants objected to the demand as vague, seeking opinions or conclusions of law, and requesting documents too remote in time to be relevant. (Docket # 36-4 at 9). Notwithstanding those objections, defendants provided various field training records for the named defendant officers. (*Id.*). The Court overrules defendants' objection that the request seeks opinions or conclusions of law. Although the documents may contain statements of law – accurate or inaccurate – such statements may be relevant to plaintiff's claims that defendants failed to properly train and supervise their employees. (*See*, *e.g.*, Docket # 1 at ¶¶ 34, 35, 36, 53, 55, 56, 66, 100, 103). Additionally, although defendants produced training records for the named defendant officers, the demand appears directed to, and the responses were made on behalf of, all named defendants. (*See generally* Docket ## 24, 36-3, 36-4). Therefore, by July 14, 2023, all defendants must clarify whether they have withheld any documents, and if so, produce responsive documents or confirm that a diligent search has been conducted and additional responsive documents are not in their possession, custody, or control.

Defendants acknowledge that they have withheld documents responsive to Request No. 9, which seeks the named defendant officers' personnel files, but have explained that they will provide the files once plaintiff signs, or the Court issues, a confidentiality order limiting plaintiff's use of the files to the current litigation. Plaintiff argues that defendants have withheld documents in bad faith because the parties have entered into stipulated confidentiality

10

order (*see* Docket # 34 at 13), but the record does not reflect that plaintiff has signed the proposed order.  Having reviewed the proposed confidentiality order and defendants' representation that the personnel files include psychological evaluations, credit and individual financial information, serial numbers for registered firearms, gun permits, and drivers license identification and fingerprints (Docket # 36-4 at 4), and having found that plaintiff has not made any substantive objection to signing the protective order, I grant defendants' motion for a protective order (the slightly modified protective order is separately docketed herewith (*see* Docket # 50)).  *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) ("[t]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order") (quotations omitted); *Flores v. Stanford*, 2021 WL 4441614, *3 (S.D.N.Y. 2021) ("[t]he district court has broad discretion … to decide when a protective order is appropriate and what degree of protection is required") (quotations omitted); *see also Redd v. City of Rochester*, 2016 WL 4702831, *2 (W.D.N.Y. 2016) (requiring plaintiff to sign a confidentiality order prior to receiving personnel files or other confidential information).  Having granted defendants' motion for a protective order, defendants are required, by July 14, 2023, to supplement their response to Request No. 9.

## II.    <u>Plaintiff's Motion for Sanctions</u>

Plaintiff asks the Court to sanction defendants pursuant to Fed. R. Civ. P. 37(b) and (c) for their alleged discovery failures by waiving all objections they interposed in response to plaintiff's discovery demands and striking defendants' affirmative defenses.[12]  (*See* Docket

---

[12]  Plaintiff's papers also contain a passing request for relief in the form of summary judgment on plaintiff's claims.  (Docket # 41 at 40).  If plaintiff wishes to move for summary judgment, he must make a formal motion that complies with Rule 56 of the Local Rules of Civil Procedure.  *See* Loc. R. Civ. P. 56(a) (requiring, annexed to the

# 34 at 24-26).  As an initial matter, Rule 37(b) permits the Court to impose sanctions on a party for failing to obey an order to provide or permit discovery, but it is unclear which, if any, discovery order or orders plaintiff claims defendants have failed to obey.  To the extent plaintiff alleges that defendants have disregarded this Court's scheduling order requiring Rule 26(a) disclosures, and to the extent plaintiff seeks sanctions under Rule 37(c) for defendants' alleged failure to provide information required pursuant to Rule 26(a), I do not find the striking of their affirmative defenses warranted.

The record reveals that both parties have failed to timely comply with their respective discovery obligations.  For example, defendants did not provide initial responses to plaintiff's August 9 Demands until December 15, 2022.  (Docket # 36-3).  On January 14, 2023, plaintiff sent a conferral letter detailing the perceived inadequacy of defendants' responses (Docket # 34-1 at 7-17), and defendants failed to provide supplemental responses until March 24, 2023 (*see* Docket # 36-4).  Likewise, plaintiff did not provide Rule 26(a) disclosures until April 3, 2023 (*see* Docket # 41 at 62), and only responded to defendants' First Notice to Produce, dated November 22, 2022 (Docket # 36-2 at 1-4), on April 14, 2023 (*see* Docket # 43 at 17-26).  On this record, to the extent plaintiff asks the Court to sanction defendants by deeming their objections waived, I deny the request.  *See*, *e.g.*, *Evans v. Murphy*, 2013 WL 2250709, *4 n.6 (W.D.N.Y. 2013) (declining to deem objections waived despite untimely response); *Ippolito v. Goord*, 2008 WL 2776864, *3 (W.D.N.Y. 2008) (waiver finding not warranted where defendant not prejudiced by delay and discovery "continued for over a year [after] the answers were filed").  However, all parties are reminded that they must comply with the deadlines prescribed by the

---

notice of motion, a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried, citing admissible evidence or evidence that can be presented in admissible form at trial).

Federal Rules of Civil Procedure, obtain consent from the other side to modify deadlines that are not otherwise specified by court order, or seek an extension from the Court. *See Imperati v. Semple*, 2020 WL 4013304, *7 (D. Conn. 2020) ("parties can[not] be cavalier about their discovery deadlines[] or . . . ignore the rules without incurring consequences[;] [i]t is axiomatic that [t]he time limits set forth in the Federal Rules of Civil Procedure are not optional[;] . . . [t]hese time limits are mandatory for all litigants – large or small, public and private, and litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests[;] . . . [t]he very notion of such a chaotic system would make it impossible for cases to be resolved in a just, speedy, and inexpensive manner") (quotations omitted).

### III.    <u>Defendants' Motion to Compel</u>

In addition to moving for a protective order, defendants moved for an order compelling plaintiff to provide Rule 26(a) disclosures and responses to defendants' First and Second Notices to Produce.  (Docket # 36).  After defendants filed the motion, plaintiff provided Rule 26(a) disclosures (*see* Docket # 41 at 60-61) and responded to defendants' discovery demands (*see* Docket # 43).  In light of these developments, defendants filed a letter with the Court withdrawing their motion for an order compelling plaintiff to respond to defendants' First Notice to Produce and informing the Court that the remaining issue concerning the Second Notice to Produce is whether plaintiff may object to providing responsive documents in his possession, custody, or control on the grounds that the documents are equally accessible to defendants.  (*See* Docket # 44 at 1-2).  Curiously, defendants' letter does not withdraw their motion for an order compelling plaintiff to provide his Rule 26(a) disclosures.  Nonetheless, because plaintiff has provided disclosures, this portion of defendants' motion is denied as moot.

Plaintiff argues that the Court should deny defendants' motion because it does not contain the required certification regarding conferral (Docket # 41 at ¶ 3); in fact, it does (*see* Docket ## 36-6, 36-7). Additionally, although the nature of the required conferral has evolved since defendants first filed the motion, defendants have provided the Court with proof that it sent a good faith conferral letter to plaintiff explaining why they believe his "equally accessible" objection is insufficient (Docket # 44 at 3-4), and plaintiff has filed a letter with the Court maintaining the objection (Docket # 46 at 2).[13] Therefore, on this record, I find that the parties have sufficiently conferred on the discrete legal issue presented.

Having reviewed defendants' Second Notice to Produce, to the extent plaintiff possesses responsive documents, he must produce them even if defendants themselves have copies of the documents. *See*, *e.g.*, *Milner v. City of Bristol*, 2020 WL 6049261, *3 (D. Conn. 2020) ("[p]laintiff has objected to these interrogatories and requests for production solely on the basis that the information sought is already in the possession of the defendants[;] . . . [t]his objection is without merit[;] . . . it is irrelevant that the party seeking discovery already knows the facts as to which he seeks discovery") (internal quotation omitted). Whether or not a party possesses certain documents may itself be relevant under certain circumstances. Additionally, it is possible that plaintiff may possess responsive documents that are not in defendants' possession, custody, and control. Accordingly, by July 14, 2023, plaintiff shall provide defendants with any documents responsive to defendants' Second Notice to Produce unless he

---

[13] The Court denies plaintiff's request for oral argument (Docket # 46 at 5) as unnecessary. In response to plaintiff's inquiry, the Court clarifies that plaintiff needs to serve only one copy of his letters and filings upon defendants' counsel at Goldberg Segalla, LLP, rather than each attorney of record. Service should be made upon Raul E. Martinez, Esq., counsel for defendants, unless defendants identify in writing another attorney of record upon whom they would prefer service to be made.

*only* has copies of them because they were produced to him by defendants in the course of this litigation.

## IV.    Plaintiff's Motion for Leave to Amend and Appointment of Counsel

On May 9, 2023, plaintiff moved for leave to amend his complaint and for appointment of counsel.  (Docket # 45).  Defendants oppose plaintiff's request for leave to amend but take no position on the request for appointment of counsel.  (Docket # 48).

Plaintiff's motion also contains additional arguments regarding the adequacy of defendants' responses to his interrogatories (*see*, *e.g.*, Docket # 45 at ¶¶ 8-9), a repeat request for the production of a certain document (*id.* at 10), and conclusory arguments that defendants should be sanctioned under Rule 16 for failure to comply with a prior scheduling order (*see id.* at ¶ 4).  These arguments either were made or should have been made in plaintiff's motion for an order compelling discovery and imposing sanctions discussed *supra*.  Therefore, the Court does not address them here.  Both parties are cautioned that they must not file multiple motions seeking the same relief.  The Court also denies plaintiff's request for oral argument (*id.* at 1) as unnecessary.

### A.    Motion to Amend

A motion to amend must comply with: (1) Rule 15(a) of the Local Rules of Civil Procedure for the Western District of New York, which requires the movant to attach an unsigned copy of the proposed amended complaint as an exhibit to a motion seeking leave to amend, and (2) Rule 16(b)(4) of the Federal Rules of Civil Procedure, which requires a movant to demonstrate good cause to seek an amendment of a court's scheduling order (Docket # 12). Although plaintiff has attached many exhibits and attachments to his motion, he has not attached

a proposed amended complaint as required by the Local Rules.  "Attaching documents without providing the facts to support [a plaintiff's] claims is not sufficient."  *See Antrobus v. City of New York, Dep't of Sanitation*, 2012 WL 6675387, *3 (E.D.N.Y.), *report and recommendation adopted by*, 2012 WL 6675168 (E.D.N.Y. 2012); *see also Casey v. Pallito*, 2013 WL 682809, *2 (D. Vt.) ("[a]lthough *pro se* filings are construed liberally, the mere submission of documents filed independently from the complaint does not supplement the complaint"), *report and recommendation adopted in part by*, 2013 WL 682800 (D. Vt. 2013).  If plaintiff chooses to file another motion to amend, his proposed amended complaint must include all causes of actions he is asserting, accompanied by all of the factual allegations he wishes to include in support of his claims.  He may not rely upon exhibits to do so.  The allegations should be clear and concise and provide defendants and the Court with the ability to understand the claims.  *See also* Loc. R. Civ. P. 15(a) ("[t]he proposed amended pleading must be a complete pleading superseding the original pleading in all respects[;] [n]o portion of the prior pleading shall be incorporated into the proposed amended pleading by reference").

As to Fed. R. Civ. P. 16(b), it is well established that "the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  As the Second Circuit has observed, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."  *Id.* at 340; *see Phaneuf v. Tenneco, Inc.*, 938 F. Supp. 112, 115 (N.D.N.Y. 1996) ("[i]n instances where ... a considerable amount of time has passed between filing the complaint and the motion to amend, courts have placed the burden upon the movant to

16

show some valid reason for his [or her] neglect and delay") (quotations omitted).  "Good cause," the Court reasoned, "depends on the diligence of the moving party."  *Parker v. Columbia Pictures Indus.*, 204 F.3d at 340; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (court's primary consideration in determining whether a movant has established good cause is "whether the moving party can demonstrate diligence").

In other words, plaintiff must demonstrate the reasons why the proposed new claims, allegations, and defendants were not included in his original complaint.  If the purported explanation is that he did not know of the facts underlying those claims and allegations at that time and only learned them later, he needs to show when and how he learned those facts and what efforts he made through discovery or otherwise to learn them.  As applicable authority demonstrates, the critical consideration is whether plaintiff acted with the requisite diligence to justify granting his motion for leave to amend so long after the expiration of the deadline for such motions – not just whether defendants would be prejudiced.  *See Holland v. Goord*, 2010 WL 3946297, *3 (W.D.N.Y. 2010) ("the absence of prejudice to a nonmoving party does not alone fulfill the good cause requirement of Rule 16(b)") (quotation omitted).  As defendants correctly point out, although the initial scheduling order has been amended several times, none of the amended scheduling orders extended the April 1, 2022 deadline (Docket # 12 at 2) to modify pleadings and add parties.  (*See* Docket ## 20, 26).

Because plaintiff's motion fails to comply with Local Rule 15 and Fed. R. Civ. P. 16(b), his motion to amend is denied without prejudice.

B. **Motion for Appointment of Counsel**

Plaintiff's nine-page motion also contains several references to appointment of pro bono counsel.  (Docket # 45 at 1, 2, 10).  Construing plaintiff's motion liberally, the Court interprets it to include a request for a full-scope appointment of counsel.  It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), plaintiff has not moved to proceed *in forma pauperis*.  In any event, assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered in deciding whether to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider carefully the issue of appointment of counsel because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court should look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at

18

174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. The legal issues in this case do not appear to be complex, and plaintiff has drafted a complaint, filed motions supported by facts and caselaw, and communicated with the Court and counsel regarding his case. (*See*, *e.g.*, Docket ## 1, 34-1, 45, 46). Plaintiff's conduct in prosecuting this matter suggests that he is capable of understanding and handling the litigation. In addition, plaintiff's case does not present any special reasons justifying the assignment of counsel. *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel). On this record, plaintiff's request for the appointment of counsel (Docket # 45) is denied without prejudice at this time. It is plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. *See* 28 U.S.C. § 1654.

## V.  <u>Requests to Amend the Scheduling Order</u>

The Court grants the parties' requests (Docket ## 32, 34, 36) for amendment of the scheduling order. Because the parties have not agreed on the length of extension, the Court finds that a ten-week extension of the deadlines is appropriate, which permits approximately six

weeks of discovery following receipt of the supplemental discovery and responses required by this Order. A separate amended scheduling order is docketed herewith. (*See* Docket # 52).

## <u>CONCLUSION</u>

For the reasons stated above, the parties' requests for an extension of the scheduling order **(Docket ## 32, 34, 36)** are **GRANTED**. Plaintiff's request for an order compelling discovery **(Docket # 34)** is **GRANTED in part and DENIED in part**. Defendants' motion for a protective order **(Docket # 36)** is **GRANTED**; their motion for an order compelling production **(Docket # 36)** is **GRANTED in part and DENIED in part**. As directed herein, plaintiff and defendants are instructed to supplement their discovery responses by **July 14, 2023**. Plaintiff's request for sanctions **(Docket # 34)** is **DENIED**. Plaintiff's request for leave to amend and appointment of pro bono counsel **(Docket # 45)** is **DENIED without prejudice**.

The parties are reminded that they must comply with the Local Rules of Civil Procedure, which limit the permissible filings in support of a motion to an opening submission, an opposition submission, and, if requested by the movant, a single reply. *See* Loc. R. Civ. P. 5.2 and 7 (replies permitted only if "the moving party has stated an intent to reply"). Submissions should not be supplemented by letters or other filings absent express leave from the Court. *See* Loc. R. Civ. P. 7(a)(6) ("[a]bsent permission of the [j]udge hearing the motion, sur-reply papers are not permitted"). Moreover, the parties must not file multiple motions seeking the same relief, and all submissions must comply with the page limits and form requirements of the Local Rules. In addition, any discovery motion must include the required certification outlining the parties' conferral attempts and attaching any relevant correspondence. **<u>Any submissions not in compliance with applicable rules may be stricken.</u>**

The Court directs the Clerk of the Court to amend the caption of the case to correct the spelling of defendant Scribner's name.

**IT IS SO ORDERED.**


                                                      *s/Marian W. Payson*
                                                   MARIAN W. PAYSON
                                  United States Magistrate Judge

Dated: Rochester, New York
          June 23, 2023