UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHIE A. STOKES, JR.,

                              Plaintiff,

      v.

WAYNE COUNTY, et al.,

                              Defendants.
_____

DECISION & ORDER

21-CV-6657EAW

        Pending before the Court is a motion filed by plaintiff for appointment of counsel. (Docket # 53). Review of plaintiff's motion papers makes clear that the motion is actually a motion for reconsideration of this Court's June 23, 2023 Decision and Order (Docket # 51) insofar as it denied his application for appointment of counsel. (Docket # 53).

        Plaintiff contends that the Court in its June 2023 decision misconstrued his prior application as one that sought full-scope appointment rather than a more limited scope of representation for the purpose of amending his original complaint and conducting depositions of defendants. (*Id.* at 4 (citing Docket # 45 at ¶ 78)).[1] At the time he filed his pending motion for reconsideration, plaintiff was incarcerated and represented that, as a result of his incarceration, he had limited access to legal research resources. (*Id.* at 4-10). Specifically, he noted that he was afforded approximately 90 minutes of access to Lexis/Nexis through a tablet. (*Id.* at ¶ 10). His incarceration also impeded his ability to communicate by telephone with opposing counsel.

---

[1] The filing that plaintiff cites for that proposition, Docket # 45, does not in fact include the paragraph he cites (¶ 78); nor has the Court been able to locate any reference in it to a request for limited-scope representation. (*See* Docket # 45).

(*Id.* at ¶ 12). He further represented that he was unable to bear the expenses of depositions or to conduct them competently as a layperson. (*Id.* at ¶¶ 11-12).

As plaintiff's affirmation shows, he disagrees with this Court's weighing of the considerations that inform a decision whether to appoint *pro bono* counsel. (*Id.* at 5-10). In the absence of a demonstrated error in the Court's legal analysis or a misapprehension of important facts, however, disagreement alone does not compel reconsideration or a different outcome. *See Jackson v. Corey*, 2022 WL 15716840, *2 (N.D.N.Y. 2022) ("disagreement alone is not a basis for reconsideration"). In fact, in this case, the principal reason relief upon by plaintiff in support of his motion – his incarceration – no longer exists. Since the pending motion was filed, plaintiff has been released from custody[2] and thus no longer faces the institutional challenges to litigating this action *pro se* that he identified in his motion papers.

While the Court appreciates that his limited financial resources will still pose some difficulties in discovery, such as perhaps making depositions unfeasible, other forms of discovery remain available to plaintiff, including document requests and interrogatories. *See Fowler v. Fischer*, 2017 WL 1194377, *1 (W.D.N.Y. 2017) ("[g]iven these logistical and financial realities, many incarcerated *pro se* plaintiffs utilize other discovery devices such as interrogatories, deposition by written questions, or requests for admissions to obtain needed discovery") (citing *Woodward v. Mullah*, 2010 WL 1848495, *9 (W.D.N.Y.) (despite financial limitations, plaintiff 'is not without means to investigate his case' by using document demands, interrogatories and depositions upon written questions), *report and recommendation adopted by*, 2010 WL 1848493 (W.D.N.Y. 2010)). Where appointment of counsel does not otherwise appear warranted, it should not be used merely as means of financing a litigation. *See Rosenberg v.*

---

[2] On August 22, 2023, plaintiff requested that his address be changed to a residential address in Clyde, New York. (Docket # 54).

2

*Whitehead*, 2011 WL 675126, *2 (D.N.J. 2011) ("[p]laintiff's alleged lack of resources does not make her eligible for *pro bono* counsel because indigency alone does not warrant appointment of counsel") (internal quotations omitted).

To the extent that plaintiff's motion can be interpreted as a motion seeking leave to proceed *in forma pauperis* (*see* Docket # 53 at 11-15), that request is denied without prejudice at this time. Although plaintiff now has been released from incarceration (Docket # 54), he was still incarcerated at the time he filed the pending motion. Pursuant to 28 U.S.C. § 1915(a)(2), a prisoner seeking to proceed *in forma pauperis* must submit a certified copy of the prisoner's inmate trust fund account statement for the preceding six months or an institutional equivalent. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has not provided any information concerning his inmate account in connection with the pending motion. Plaintiff is free to file a new motion requesting to proceed *in forma pauperis*, but any such motion should be updated to reflect his financial circumstances since his release from incarceration.

For the above-stated reasons, I adhere to my previous determination that appointment of counsel is not justified here, whether or not plaintiff's request is for full-scope or more limited-scope representation. Accordingly, plaintiff's motion for appointment of counsel **(Docket # 53)** is **DENIED without prejudice** to renewal.

**IT IS SO ORDERED**.

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       October 17, 2023